Philip G. Arnold, OSB # 080056
ROSSI, COX, VUCINOVICH,
BREMSETH & FLASKAMP PC
10900 N.E. 8th Street, Suite 1122
Bellevue, WA 98004
parnold@wa.rcvpc.com
(425) 646-8003 / Fax (425) 646-8004

ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| MATTHEW T. PRESTON,<br><br>    Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>    Defendant. | Case No. CV08-3045 CL<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RULE 34 INSPECTION**<br><br>The Honorable Mark D. Clarke |

## I. ARGUMENT & AUTHORITY

**A. Rule 34 of the Federal Rules of Civil Procedure Is To Be Liberally Construed.**

"Rule 34, like the other rules relating to discovery, is to be liberally construed." Martin

v. Reynolds Metals Corp., 297 F.2d 49, 56 (9th Cir. 1961).  Rule 34 provides, in relevant part:

> A party may serve on any other party a request within the scope of Rule 26(b) …
> to permit entry onto designated land or other property possessed or controlled by
> the responding party, so that the requesting party may inspect, measure, survey,
> photograph, test, or sample the property or any designated object or operation on
> it.

Fed.R.Civ.Pro. 34(a)(2).

**B.      A Rule 34 Inspection Should Not Be Conditioned Upon a Release of Liability.**

Defendant will permit Plaintiff to conduct a Rule 34 site inspection of its property, but only under the condition that Plaintiff and his experts sign a release of liability.  The following cases have addressed this very issue, and have rejected Defendant's argument, holding that a Rule 34 inspection of Defendant's property should not require Plaintiff to sign a release of liability.

In Hindle v. National Bulk Carriers, 18 F.R.D. 198 (S.D.N.Y. 1955), the plaintiff, brought a motion for inspection, pursuant to Rule 34 of the Federal Rules of Civil Procedure. Hindle, 18 F.R.D. at 198.  The plaintiff sought permission to board defendant's ship to inspect the site where the incident occurred.  *Id.*  Defendant consented to the inspection, but only under the condition that each person boarding the ship signed a waiver of liability.  *Id.*  Defendant argued that those boarding to inspect pursuant to Rule 34 would not be engaged in defendant's business, and therefore defendant is entitled to protection by way of waiver of liability.  *Id.* at 199.  The Court disagreed with defendant, holding that:

> It is unnecessary to determine now the exact extent of the duty, if any, owed by the ship to persons who come aboard for the purpose of obtaining evidence pursuant to court authority.  The extent of that duty, whatever it is, is fixed by law.  The ship, by permitting access, is not doing a favor and is in no position to stipulate that, in the event of accident, it shall receive treatment more favorable than that to which it would be entitled by law.

*Id.*

The same is true in this case.  Defendant will only permit Plaintiff to conduct a Rule 34 inspection if Plaintiff and his experts sign a release of liability.  Like in Hindle, such a condition

is improper. A Rule 34 inspection does not require Plaintiff to relieve Defendant of its duty of reasonable care to those performing court rule discovery.

O'Neil v. Seatrain Lines, Inc., 111 Misc.2d 1003 (N.Y.Sup. 1981), was a personal injury case involving a fall from a crane at defendant's plant. O'Neil, 111 Misc.2d at 1003. The Plaintiff sought to conduct an inspection of the property, and defendant refused to permit an inspection unless plaintiff's counsel and their experts signed a waiver of liability. *Id.* The Court disagreed with defendant's argument, followed the reasoning in Hindle, and held that:

> Attempts ... to thwart discovery should be discouraged and broad inquiry encouraged. This policy was earlier recognized in the Federal Rules of Civil Procedure and in the Federal Courts.

*Id.* at 1004.

In Melis v. Veritas S.S. Co., 23 Misc.2d 45 (N.Y.Sup. 1960), the plaintiff moved for an order compelling defendant to permit plaintiff, his attorneys, and experts to inspect defendant's vessel, where plaintiff fell and was injured. Melis, 23 Misc.2d at 45. Defendant stated that it would consent to the inspection, under the condition that plaintiff, his attorneys and experts sign a waiver of liability, releasing defendant from liability for injuries sustained while on the vessel. *Id.* at 45-46. The Court followed the reasoning in Hindle, granted the inspection, and denied defendant's request that plaintiff sign a waiver of liability. *Id.* at 47.

Like in O'Neil and Melis, Defendant's demand that Plaintiff sign a release of liability in order to conduct Rule 34 discovery should be rejected, and Defendant compelled to permit

Plaintiff's Rule 34 inspection.

DATED THIS 22ⁿᵈ day of September, 2008.

> s/Philip G. Arnold
> Philip G. Arnold, OSB # 080056
> Attorney for Plaintiff Matthew T. Preston
> Rossi, Cox, Vucinovich
> Bremseth & Flaskamp PC
> 10900 NE 8th Street, Suite 1122
> Bellevue, WA 98004
> Telephone: (425) 646-8003
> Fax:  (425) 646-8004
> Email: parnold@wa.rcvpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2008, I electronically filed the foregoing **Memorandum in Support of Plaintiff's Motion to Compel Rule 34 Inspection** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following individuals listed below:

Timothy J. Coleman
Cosgrave Vergeer Kester, LLP
805 SW Broadway, 8th Floor
Portland, OR 97205

Dated: 9-22-08

By: _____
Susan Zimmerman