FILED'09 AUG 28 08:41 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW T. PRESTON,

               Plaintiff,

     v.

BNSF RAILWAY COMPANY,
a Delaware corporation.

               Defendant.

Case Number CV 08-3045-CL

**ORDER**

Clarke, Magistrate Judge:

Plaintiff Matthew T. Preston, an Oregon resident, brings this action against Defendant BNSF Railway Company ("BNSF"), a Delaware Corporation, for acts of negligence in violation of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, et seq., and the Federal Safety Appliance Act (FSAA), 49 U.S.C. § 20301, et seq. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because of federal question jurisdiction.

Plaintiff filed this motion for partial summary judgment requesting that the Court decide as a matter of law that Plaintiff did not have the duty to move to mitigate damages. "Plaintiff Matthew T. Preston respectfully requests an Order establishing that Preson has no duty to move or relocate from Klamath Falls, Oregon in order to mitigate damages in this case; and that any evidence, testimony, and/or exhibits regarding job openings outside of Klamath Falls are

precluded. (Pl.'s Mot. for Partial Summ. J. Re: No Duty to Move 1.) For the reasons set forth below, the motion is denied.

## I. Standards for Summary Judgment

Pursuant to Rule 56(c), summary judgment "should be rendered, if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial.

Order   2

Fed. R. Civ. P. 56(e)(2); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). Summary judgment should be granted for the movant, if appropriate, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. Fed. R. Civ. P. 56(e); THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

**II.    Facts**

Plaintiff Matthew T. Preston, age 39, was raised in Klamath Falls, Oregon. (Statement of Undisputed Material Facts in Supp. of Pl.'s Mot. for Partial Summ. J. Re: No Duty to Move ("Pl.'s CSMF Re: No Duty to Move") ¶ 1.) While serving in the U.S. Navy, he also lived in Virginia for six and a half years. (BNSF Railway Company's Am. Resp. to Pl.'s Statement of Undisputed Material Facts Re: No Duty to Move ("Def.'s Resp. to Pl.'s CMSF Re: No Duty to Move") ¶2.) For a few months, he lived in Arkansas with his wife and wife's family, worked for Weyerhauser, and explored job opportunities as an electrician. He and his family moved back to Klamath Falls for opportunities with BNSF. (Def.'s Resp. to Pl.'s CMSF Re: No Duty to Move ¶2.) Plaintiff began working at BNSF in 1997. (Pl.'s CSMF Re: No Duty to Move ¶ 2.)

Plaintiff and his wife have been married for sixteen years and have three children, ages 4, 6, and 14. Their school-aged children attend school in Klamath Falls. (Pl.'s CSMF Re: No Duty

Order    3

to Move ¶ 3.) Plaintiff's brother and his family also live in Klamath Falls. (Pl.'s CSMF Re: No Duty to Move ¶ 3.)

Plaintiff alleges that on January 7, 2008, he suffered injuries due to Defendant's actions. (Compl. ¶ 5.) The injuries are not relevant to this specific motion but have hindered Plaintiff's ability to continue in his current position. BNSF offered vocational rehabilitation services to the Plaintiff and also encouraged him to apply for the following positions: Seattle Hub Gate Supervisor (Seattle, WA), Inspector Officer (Seattle, WA), Yardmaster and a clerical position (Vancouver, WA). (Def.'s Resp. to Pl.'s CMSF Re: No Duty to Move ¶6-7.) These jobs pay in the range of $42,000 - $46,000 per year, plus full benefits. (Def.'s Resp. to Pl.'s CMSF Re: No Duty to Move ¶8.) As of late May 2009, BNSF did not have any jobs available in the Klamath Falls area for the Plaintiff, although there was a clerical position available in Orwood, California, that Plaintiff could have bid on. (Def.'s Resp. to Pl.'s CMSF Re: No Duty to Move ¶9.)

Plaintiff has been working with vocational counselor Mr. Scott T. Stipe following the incident. (Pl.'s Reply to Def.'s Additional Facts ("Pl.'s Reply to CSMF") ¶6.) Mr. Stipe has also been in communication with Ms. Joan Costa who is a senior field manager at BNSF. Ms. Costa assists ill and injured employees through recovery and return to work. (Pl.'s Reply to CSMF ¶ 6; Decl. of Glenn W. Robles, Ex. 2, 2.) Regarding Plaintiff's condition, Mr. Stipe responded to Ms. Costa stating, "[a]t this point, in that there do not appear to be viable return to work options with BNSF for Mr. Preston, we are proceeding in developing a plan for-training [sic]." (Pl.'s Reply to CSMF ¶ 6.)

### III. Plaintiff's Motion Is Denied

Plaintiff moves for partial summary judgment on the duty to move. Plaintiff asks the

Order    4

court to rule as a matter of law that the Plaintiff has no duty to move to mitigate damages. He argues that there is no genuine issue of material fact as to whether he has the duty to move.

Defendant gives several arguments for why the motion should not be granted. First, Defendant argues that Plaintiff's motion is improper as a motion for summary judgment. BNSF argues Plaintiff is not seeking to dispose all or part of a claim or defense in his motion for summary judgment; rather, Plaintiff seeks to exclude evidence: "what plaintiff wants resolved now is an evidentiary issue, properly raised at trial in a motion in *limine*." (BNSF's Am. Response to Pl. Mot. for Partial Summ. J. Re: No Duty to Move ("Def.'s Resp. Re: No Duty to Move") 3.) Second, Defendant argues, in the alternative, that the motion is purely a question of law and that, under FELA, there is not a per se no duty to move rule. Third, should the court construe the motion as a mixed question of law and fact, Defendant argues that the question should go to the jury because there is a genuine issue of material fact as to whether Plaintiff properly met his duty to reasonably mitigate damages.

### A.   Plaintiff Raises a Pure Question of Law for Summary Judgment

This is a proper motion under Rule 56 for summary judgment. Defendant asks the Court to view the motion as a motion in limine because it concerns matters to be addressed at trial. (Def.'s Resp. Re: No Duty to Move 2.) Plaintiff asks that "any evidence, testimony, and/or exhibits regarding job openings outside of Klamath Falls be precluded." (Pl.'s Mot. for Partial Summ. J. Re: No Duty to Move 1.) While the Plaintiff moves to preclude evidence, he is seeking a partial judgment on one of Defendant's defenses, which is permissible under Rule 56. Fed. R. Civ. P. 56(a).

Plaintiff asks the Court to determine, as a matter of law that Plaintiff had no duty to move

Order   5

to mitigate damages. (Mem. in Supp. of Pl.'s Mot. for Summ. J. Re: No Duty to Move ("Mem. in Supp. of No Duty to Move") 2.) Defendant concedes that, should the Court consider ruling on the motion, "the motion presents a pure question of law." (Def.'s Resp. Re: No Duty to Move 4.) Parties generally agree to the facts that address this specific issue. Summary judgment is appropriate. See Delbon Radiology v. Turlock Diagnostic Ctr., 839 F. Supp. 1388, 1391 (E. D. Cal. 1993) ("Defendants' motion for summary judgment is appropriate because defendant raises questions of law, the resolution of which does not involve dispute 'material' facts."). The Court looks to reasoning of prior case law for guidance. Id. at 1393 ("The reasoning of prior case law largely compels [the] finding . . . .").

### B.     Plaintiff Has Not Shown a Per Se "No Duty to Move" Rule Under FELA

Plaintiff argues that the underlying policy of FELA supports his argument that he has no duty to move. "The policy of not requiring an injured employee to relocate to accept employment is an established limitation on the doctrine of mitigation and is consistent with the FELA policy." (Mem. in Supp. of No Duty to Move 2.) He points to the Supreme Court's description of FELA: "[c]ognizant of the physical dangers of railroading that resulted in the death or maiming of thousands of workers every year, Congress crafted a federal remedy that shifted part of the 'human overhead' of doing business from employees to their employers." Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 542 (1994) (citing Tiller Atlantic Coast Line R. Co., 318 U.S. 54, 58 (1943)). Defendant contends that the duty to mitigate does not preclude the Plaintiff from relocating. Whether or not it is reasonable for the Plaintiff to move in a given case, under specific circumstances, is a question for the jury. (Def.'s Resp. Re: No Duty to Move 8.)

Order   6

All questions of law under FELA are governed by federal law. <u>Urie v. Thompson</u>, 337 U.S. 163, 174 (1949). However, state common law may fill the gaps: "[a]lthough federal law controls substantive matters in a FELA case, in the absence of any interference with substantive rights or defenses under FELA, state rules of procedure and practice . . . apply." <u>Eubanks v. CSX Transp., Inc.</u>, 223 Ga. App. 616, 618, 478 S.E.2d 387, 390 (Ga. App. 1996); <u>Hinkle v. Norfolk Southern Ry Co.</u>, 2007 WL 496365 *4 (S.D. Ohio).

Preston has not convinced the court that Plaintiff, as a matter of law, has no duty to move. Cases cited are distinguishable from the facts at issue here. Many of Plaintiff's cases discuss whether the trial court was in error by using jury instructions that limited the employee's duty to mitigate with a provision that the employee had no duty to move.

Plaintiff first cites a Nebraska Court of Appeals case, <u>Wagner v. Union Pacific R.R. Co.</u>, 11 Neb.App. 1 (Neb. Ct. App. 2002), in which the Defendant appealed the judgment for Plaintiff of $1.9 million. Plaintiff had filed a claim for damages under the FELA, and the appellate court considered whether there was reversible error in the district court's decision to exclude evidence of jobs outside a geographical area. The court affirmed the decision, "we can find no error in the district court's ruling limiting the evidence in regard to the availability of jobs, either with the Railroad or elsewhere, to those jobs in the Bill-Casper-Douglas area." <u>Id.</u> at 32.

<u>Wagner</u> is unlike the present case. Here, the Court is asked to determine that, as a matter of law, the injured party has no duty to move. (Mem. in Supp. of No Duty to Move 1-2.) <u>Wagner</u>, however, addressed the admissibility of evidence at trial, but Plaintiff asks the court to rule as a matter of law at summary judgment. A ruling that there was no error in <u>Wagner</u>, under its circumstances, is not enough to show that, as a matter of law, plaintiffs who file a complaint

Order   7

under FELA do not have a duty to move to mitigate their damages.

Similarly, in <u>Edwards v. Atchison, Topeka and Santa Fe Ry Co.</u>, 291 Ill. App. 3d 817 (Ill. App. Ct. 1997), the Illinois Court of Appeals also reviewed for error the trial court decision to reject evidence of potential employment that would have required relocation. Edwards also claimed damages under FELA. The appellate court concluded, "the trial court did not err by refusing to allow defendant to present evidence regarding plaintiff's option of transferring from conductor to engineer." 291 Ill. App. 3d 817, 820 (Ill. App. Ct. 1997). In <u>Edwards</u>, such transfer would have required relocation, an immediate salary loss of 10% for six months, the loss of an elected position with the United Transportation Union, and the loss of his wife's job. Plaintiff, here, stresses that the court "conclud[ed] that he is not obligated to surrender a right of substantial value in order to minimize a loss." (Mem. in Supp. of No Duty to Move 3.) The appellate court, however, further qualified its concludion, "[u]nder these circumstances, plaintiff is not required to leave his job as a conductor and take the engineering position." <u>Id.</u> Its decision was made based on all the "circumstances" specific to the case.

Plaintiff also relies on the decision in <u>Coleman v. City of Omaha</u>, in which the court determined, "Coleman cannot be required to move from his home 'in order to reduce damages cause by the [defendant's] unlawful acts.'" 714 F.2d 804, 808 (8th Cir. 1983). <u>Coleman</u> is also distinguishable from the Plaintiff's claim. Coleman filed a complaint for back pay under the Age Discrimination and Employment Act, and the court analyzed whether the defendant had met its burden to show that Plaintiff failed to mitigate damages. <u>Coleman</u> relied heavily on cases that rejected the defendants' duty to move mitigation defense on the merits and not as a matter of law. See <u>Hegler v. Bd. of Education</u>, 447 F.2d 1078, 1081, (8th Cir. 1971) ("We conclude that it was
Order    8

not unreasonable for her to refuse to abandon her community and move to another state in order to reduce damages caused by the School Board's unlawful acts.").

Another of Plaintiff's supporting cases is an unpublished decision from the Court of Appeals in Washington. The plaintiff, a locomotive engineer, appealed a trial court decision because of jury instructions. (Mem. in Supp. of No Duty to Move 3.) In Harris v. Masters, also a FELA case, the appellate court determined that under Washington law, the Plaintiff had no duty to relocate to mitigate damages. 2006 WL 2536456 * 3 (Wash. App. Div. 1 2006).

Harris, however, is not persuasive because Harris relied on Edwards, 219 Ill. App. 3d 817, and Wagner, 642 N.W.2d 821, which have both been distinguished from this case. Harris also primarily applied Washington and not Oregon common law. The court cited a Washington Supreme Court decision: "[i]n a wrongful discharge case, the Washington Supreme Court commented that the duty to mitigate is limited to 'obtaining other similar employment within the same locality.'" Id. at * 3 (citing Holton v. Hart Mill Co., 24 Wash.2d 493, 497, (1946)).

Plaintiff asserts that Oregon law supports his argument, refering to the Oregon Supreme Court decision in Stoddard v. Jackson County, 140 Or. 203 (1932). Stoddard, however, is not persuasive either. The claim arises from breach of contract and not FELA. Though the court affirmed the lower court's instructions "that plaintiffs were not required to go an unreasonable distance to secure other employment," the court did not establish that there is no duty to move related to a duty to mitigate damages. Stoddard, 140 Or. at 218.

Defendant argues that the duty to mitigate under FELA does not preclude the employee from moving. Defendant points to cases that leave the question to the jury on the issue of whether there is a duty to move. In Hinkle v. Norfolk Southern Ry Co., 2007 WL 496365 (S.D.

Ohio), the U.S. District Court of the Southern District of Ohio determined that Ohio common law applies on the issue of transfer or relocation as it refers to mitigation: "Defendant properly directs this Court to Ohio common law, which provides that whether such relocation is reasonable is a jury question." Id. at *4.

Defendant acknowledges that there are no Oregon cases addressing this issue under FELA, but it asserts that Oregon law generally leaves the question of whether or not the party reasonably mitigated damages for the jury. BNSF points to case law discussing "avoidable consequences". In Colonial Banking Co. v. Mountain Title, the plaintiff sued for damages, alleging breach of contract and negligence. 94 Or. App. 491 (Or. Ct. App. 1988). The Oregon Court of Appeals discussed "avoidable consequences" as it related to the tort of negligence. "The doctrine of avoidable consequences places the victim of a tort under a disability to collect for losses that the victim could have avoided by reasonable conduct." Id. at 495.

The Ninth Circuit Manual of Model Civil Jury Instructions is also instructive and provides jury instructions for FELA cases. On the issue of damages, the instructions use those for damages generally: "[t]he plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages." 6.6; 5.3. Similarly, the Oregon Uniform Civil Jury Instructions provides, "A person who suffered damages has a duty to exercise reasonable care to avoid increasing that damage. There can be no recovery for increased damage caused by the failure to exercise such care." UCJI No. 73.01.

## IV.  Conclusion

The Court denies Plaintiff's motion for summary judgment on whether Plaintiff had no duty to move. There is a genuine issue of material fact as to whether Plaintiff reasonably

Order    10

mitigated his damages. The Court is not prepared to decide at this time that Plaintiff had no duty to move.

DATED this 29 day of August, 2009

MARK D. CLARKE
United States Magistrate Judge